**Azubuko CHUKWU, Plaintiff,**

**v.**

**BOARD OF DIRECTORS BRITISH AIRWAYS, Defendant.**

No. 93 Civ. 12828 (MEL).

United States District Court, D. Massachusetts.

April 26, 1995.

Azubuko Chukwu, Boston, MA, pro se.

John J. Davis, Morrison, Mahoney & Miller, Boston, MA, for defendant.

LASKER, District Judge.

This case concerns a relatively new wrinkle in the interpretation of the Airline Deregulation Act: preemption of a breach of contract claim. Section 1305 of the Act forbids states from enacting or enforcing any law related to air carrier rates, routes, or services. 49 U.S.C.App. § 1305(a)(1). In its recent deci-

sion in *American Airlines v. Wolens,* ——
U.S. ——, 115 S.Ct. 817, 130 L.Ed.2d 715
(1995), the Supreme Court distinguished con-
tract claims from other claims arising under
state law—which are broadly preempted by
§ 1305—on the ground that contract actions
merely enforce obligations undertaken pri-
vately, as distinct from those imposed by a
State. Here, British Airways argues that,
despite *Wolens,* the plaintiff's breach of con-
tract claim is preempted under § 1305.

## I

On July 7, 1993, Chukwu Azubuko used a
credit card travel service to make—and pay
for—a reservation for his brother to fly on
British Airways from Lagos, Nigeria to
Grand Cayman. When Azubuko's brother
arrived at the Lagos airport later that day,
however, he was not permitted to board the
plane. Azubuko contends that his brother
was told that his ticket was invalid because
the fare had been refunded at Azubuko's
request. British Airways claims that Azubu-
ko's brother was denied boarding because he
did not have the necessary documentation.
Azubuko sues British Airways, alleging
breach of contract, slander, and intentional
infliction of serious emotional distress. Brit-
ish Airways moves to dismiss Azubuko's com-
plaint, asserting that all of his claims are
preempted by § 1305 of the Airline Deregu-
lation Act.

## II

### A. The Tort Claims

In 1978, the Federal Aviation Act was
amended by the Airline Deregulation Act to
provide, in relevant part:

> [N]o State ... shall enact or enforce any
> law, rule, regulation, standard, or other
> provision having the force and effect of law
> relating to rates, routes, or services of any
> air carrier....

49 U.S.C.App. § 1305(a)(1) (revised without
substantive change, 49 U.S.C.A.
§ 41713(b)(1)). In *Morales v. Trans World
Airlines, Inc.,* the Supreme Court held that
the words "relating to" are to be read broad-
ly to mean, "having a connection with or
reference to" 504 U.S. 374, 384, 112 S.Ct.

2031, 2037, 119 L.Ed.2d 157 (1992). The
*Morales* Court, holding that § 1305(a)(1) pre-
vents state attorneys general from using
general consumer protection regulations to
monitor airline fare advertisements, rejected
the argument that only those state laws
which are specifically addressed to the airline
industry are preempted by § 1305(a)(1):

> "Besides creating an utterly irrational
> loophole (there is little reason why state
> impairment of the federal scheme should
> be deemed acceptable so long as it is ef-
> fected by the particularized application of a
> general statute), this notion ... ignores
> the sweep of the 'relating to' language."

*Morales,* 504 U.S. at 386, 112 S.Ct. at 2038;
*see also Hodges v. Delta Airlines,* 44 F.3d
334, 336 (5th Cir.1995) ("Laws of general
applicability, even those consistent with fed-
eral law, are preempted if they have the
'forbidden significant effect' on rates, routes
or services."); *Williams v. Express Airlines
I, Inc.,* 825 F.Supp. 831, 833 (W.D.Tenn.1993)
(The *Morales* decision "leaves little doubt
that a claim based on common law tort ... is
as subject to § 1305 pre-emption as any oth-
er claim, if it can be demonstrated that it
'relates to' airlines 'rates, routes, or ser-
vices.'").

■ Accordingly, whether Azubuko's tort
claims are preempted depends upon whether
they "relate to" a "service" within the mean-
ing of § 1305. *See Stagl v. Delta Air Lines,
Inc.,* 849 F.Supp. 179 (E.D.N.Y.1994).
Claims involving "services provided by indi-
vidual airline employees directly to passen-
gers, such as ticketing, boarding, in-flight
service, and the like," are related to airline
'services' under § 1305, and therefore
preempted. *Id.* at 181 (quoting *Stewart v.
American Airlines, Inc.,* 776 F.Supp. 1194,
1197 (S.D.Tex.1991)); *See also Hodges v.
Delta Airlines,* 44 F.3d 334, 336 (5th Cir.
1995). In *Williams v. Express Airlines I,
Inc.,* the plaintiff, like Azubuko's brother,
was refused boarding. There, the court
found that Williams' false imprisonment
claim "related to" an airline "service", and
was therefore preempted: "Unquestionably,
the object of plaintiff's movement—to fly
upon Flight 2463—was an "airline service".
825 F.Supp. at 833. Similarly, In *Cannava v.*

*USAir,* 1993 WL 565341, 1993 U.S.Dist. LEXIS 16726 (D.Mass. January 7, 1993) the Court found that an allegedly rude ticketing agent was performing airline services when the agent tore up plaintiff's "bereavement fare" ticket. *Id.,* 1993 WL 565341, at *6, 1993 U.S.Dist. LEXIS at *6.

■ The gist of Azubuko's complaint is that British Airways wrongfully prevented his brother from boarding a flight, a process uniquely within the service provided and controlled by air carriers. His claims, therefore, are clearly related to an airline "service" within the meaning of § 1305(a)(1). Because Azubuko's tort claims arise under state law, they are preempted by § 1305(a)(1).

*B. The Breach of Contract Claim*

■ Until recently, § 1305 of the Airline Deregulation Act was read by some courts to preempt contract claims—as well as actions arising under state tort law or other state laws of general application—relating to rates, routes or services of air carriers. *See, e.g., Cannava v. USAir,* 1993 WL 565341, 1993 U.S.Dist. LEXIS 16726 (D.Mass. January 7, 1993); *Williams v. Express Airlines I, Inc.,* 825 F.Supp. 831, 833 (W.D.Tenn.1993). In *American Airlines v. Wolens,* however, the Supreme Court concluded otherwise. —— U.S. ——, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995). Focusing upon the ADA's prohibition that *"No state ... shall enact or enforce any law* [relating to air carrier rates, routes, or services]," the *Wolens* Court held that the Act did not preempt a breach of contract claim arising under the terms of a rates-and-services-related frequent-flyer program:

> [T]erms and conditions airlines offer and passengers accept are privately ordered obligations and thus do not amount to a State's 'enact[ment] or enforce[ment] [of] any law, rule, regulation, standard, or other provision having the force and effect of law' within the meaning of § 1305(a)(1). A remedy confined to a contract's terms simply holds parties to their agreements....

—— U.S. at ——, 115 S.Ct. at 824 (citations omitted). Azubuko alleges that British Airways privately undertook, and breached, a duty to transport his brother. In an attempt to distinguish *Wolens,* British Airways con-

tends that Azubuko's contract claim does not concern the breach of a term to which the airline "voluntarily stipulated." This assertion, however, simply begs the question to be resolved at trial: Whether British Airways breached a duty imposed by a contract with Azubuko. Under *Wolens,* therefore, Azubuko's contract claim does not appear to be preempted by § 1305 of the Airline Deregulation Act.

Very recently, Magistrate Judge Collings of this Court reached the same conclusion in a case—also filed by Azubuko—bearing a remarkable resemblance to the one at hand. *Azubuko Chukwu E. v. Board of Directors Varig Airline,* 880 F.Supp. 891 (D.Mass. 1995). Like British Airways, Varig contended that, despite the Supreme Court's decision in *American Airlines v. Wolens,* Azubuko's contract claim was preempted by § 1305. The Court disagreed:

> At the end, the *American Airlines* decision dictates the ruling on defendant's motion for summary judgment in the instant case. The plaintiff is seeking to enforce a private agreement for transportation of his brother by air which he made with defendant.... His breach of contract claim is not preempted.

*Id.* at 895. The motion at bar is decided on the same ground. It is worth noting, however, that the *Wolens* Court provided a caveat to its ruling that § 1305 does not preempt contract actions arising under state law:

> This distinction between what the State dictates and what the airline itself undertakes confines courts, in breach of contract actions, to the parties' bargain, with no enlargement or enhancement based on state laws or policies external to the agreement.

—— U.S. at ——, 115 S.Ct. at 826. Because the merits of this case have not yet been reached, any determination as to whether the contract alleged by Azubuko may be enforced without resort to such external laws and policies would be premature.

\* \* \*

British Airways' motion to dismiss is granted with respect to Azubuko's tort claims and is otherwise denied.