No. 00–404. NORTHWEST AIRLINES, INC. v. DUNCAN. C. A. 9th Cir. Certiorari denied.

JUSTICE O'CONNOR, with whom THE CHIEF JUSTICE and JUSTICE THOMAS join, dissenting.

The petition for a writ of certiorari in this case presents an important issue that has divided the Courts of Appeals: the meaning of the term "service" in the portion of the Airline Deregulation Act of 1978 (ADA) that pre-empts any state law "related to a price, route, or service of an air carrier." 49 U. S. C. § 41713(b)(1). I would grant the petition to resolve this issue and bring needed certainty to this area of the law.

We have addressed the scope of the ADA's pre-emption provision on two prior occasions. In *Morales* v. *Trans World Airlines, Inc.*, 504 U. S. 374, 383 (1992), we noted the "broad pre-emptive purpose" of the ADA. And while we have never directly addressed the definition of "service" within the meaning of § 41713(b)(1), we have suggested that this term encompasses "access to flights and class-of-service upgrades." *American Airlines, Inc.* v. *Wolens*, 513 U. S. 219, 226 (1995). The Courts of Appeals, however, have taken directly conflicting positions on this question of statutory interpretation.

The Ninth Circuit below, adhering to its decision in *Charas* v. *TWA*, 160 F. 3d 1259 (1998) (en banc), held that the term "service" encompasses " 'the prices, schedules, origins and destinations of the point-to-point transportation of passengers, cargo, or mail,' " but not the " 'provision of in-flight beverages, personal assistance to passengers, the handling of luggage, and similar amenities.' " 208 F. 3d 1112, 1114–1115 (2000) (quoting *Charas, supra*, at 1261). The Third Circuit has expressly agreed with this approach. *Taj Mahal Travel, Inc.* v. *Delta Airlines Inc.*, 164 F. 3d 186, 194 (1998). In contrast, three Courts of Appeals have adopted a much broader definition. See *Hodges* v. *Delta Airlines, Inc.*, 44 F. 3d 334, 336 (CA5 1995) (en banc) (defining "service" in terms of " '[contractual] features of air transportation,' " including " 'ticketing, boarding procedures, provision of food and drink, and baggage handling' "); *Smith* v. *Comair, Inc.*, 134 F. 3d 254, 259 (CA4 1998) ("Undoubtedly, boarding procedures are a service rendered by an airline") (citing *Hodges, supra*, at 336); *Travel All Over The World, Inc.* v. *Kingdom of Saudi Arabia*, 73 F. 3d 1423,

1433 (CA7 1996) (adopting *Hodges* definition). See also *Chukwu v. Board of Directors British Airways,* 889 F. Supp. 12, 13 (Mass. 1995), aff'd mem., 101 F. 3d 106 (CA1 1996) (same).

Given these opposing interpretations, I believe we should hear this case. The legal issue is an important one, well suited for resolution by this Court. The two leading cases, *Charas* and *Hodges,* are both the product of en banc consideration. They have fully explored the relevant considerations, including the language and history of the ADA and its pre-emption clause, as well as the policies supporting the possible interpretations of the term "service." Compare *Charas, supra,* at 1262–1266, with *Hodges, supra,* at 336–339.

Resolution of this question would provide needed certainty to airline companies. While this case involves the potential pre-emption of a state law personal-injury claim based on an airline's smoking policy, the legal principle at stake has ramifications for a host of other tort actions against airlines. See, *e. g., Smith, supra* (false imprisonment and intentional infliction of emotional distress); *Travel All Over The World, supra* (defamation). Because airline companies operate across state lines, the divergent pre-emption rules formulated by the Courts of Appeals currently operate to expose the airlines to inconsistent state regulations. Cf. *Morales, supra,* at 378 (the ADA's pre-emption provision is intended "[t]o ensure that the States would not undo federal deregulation with regulation of their own").

A decision from this Court would provide needed clarification on this discrete and important issue of statutory interpretation. Accordingly, I respectfully dissent from the denial of the petition for certiorari.