**Timothy P. WILLIAMS, Plaintiff,**

v.

**NORTHWEST AIRLINES, INC., Defendant.**

**No. CIV. 2:01CV56.**

United States District Court, W.D. North Carolina, Bryson City Division.

April 27, 2001.

Timothy P. Williams, Marble, NC, pro se.

Gary T. Bruce, Asheville, NC, James W. Williams, Roberts & Stevens, P.A., Asheville, NC, for Defendant.

### MEMORANDUM AND ORDER
### OF DISMISSAL

THORNBURG, District Judge.

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, United States Magistrate Judge Max O. Cogburn, Jr., was designated to consider pending motions in the captioned civil action and to submit to this Court recommendations for the disposition of these motions.

On April 6, 2001, the Magistrate Judge filed a Memorandum and Recommendation in this case containing proposed findings of fact and conclusions of law in support of a recommendation regarding Defendant's motion to dismiss. The Plaintiff, who is proceeding *pro se,* and counsel for the Defendant were advised that any objections to the Magistrate Judge's findings were to be filed in writing within ten (10) days after service of the Recommendation. Taking into account the three-day service by mail provision and the exclusion of Saturdays and Sundays required by Fed. R.Civ.P. 6, the period within which to file objections expired on April 25, 2001. No written objections to the Magistrate Judge's Memorandum and Recommendation have been filed.

After a careful review of the Magistrate Judge's Recommendation, the Court finds that the proposed findings of fact are supported by the record and that the proposed conclusions of law are consistent with current case law. Accordingly, the

Court hereby accepts the Magistrate Judge's Recommendation that the Defendant's motion to dismiss be allowed.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to dismiss be **ALLOWED**, and this matter is hereby **DISMISSED** in its entirety.

## MEMORANDUM AND RECOMMENDATION

COGBURN, United States Magistrate Judge.

**THIS MATTER** is before the court upon defendant's Motion to Dismiss. After careful consideration of that motion and review of the pleadings, the undersigned enters the following findings, conclusions, and recommendation.

## FINDINGS AND CONCLUSIONS

### I. Background

Plaintiff, a resident of Cherokee County, North Carolina, purchased airline tickets from defendant for the benefit of his fiancé and her son ("the passengers"), who are Spanish subjects, not United States citizens. The passengers boarded defendant's international flight in Taiwan and flew to Atlanta, Georgia. Upon arrival at such international port of entry, the passengers were deported because they had not secured entry visas as required by United States law. While not required to do so, plaintiff purchased additional tickets for the passengers' return trip to their home country of Spain.

Plaintiff, proceeding *pro se*, brought this action in the North Carolina General Court of Justice, Cherokee County; defendant properly removed it to this court based upon federal-question jurisdiction. In his complaint, plaintiff alleges that *he* incurred significant expense, as well as physical and mental anguish, when the passengers were permitted by defendant to board the international flight from Taiwan to Atlanta without first assuring that they had obtained the proper United States entry documentation. He claims that defendant was negligent in failing to inform the passengers of applicable immigration and international travel laws and preventing them from boarding defendant's aircraft at its overseas port of departure. As damages, plaintiff seeks $2,500,000. Defendant has moved to dismiss based upon ineffectual service of process, waiver, and lack of standing.

### II. Standard

Defendant has moved for dismissal pursuant to Rule 12(b), Federal Rules of Civil Procedure, contending that plaintiff has failed to state a cognizable claim. Rule 12(b) authorizes dismissal based upon a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989); *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). As the Court discussed in *Neitzke:*

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts ... a claim must be dismissed, without regard to whether it is based on outlandish legal theory .... What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

*Id.,* at 1832 (citation omitted). For the limited purpose of making a recommendation as to disposition of defendant's motion, the undersigned has accepted as true the facts alleged by plaintiff in the complaint and viewed them in a light most favorable to plaintiff.

## III. Discussion

### A. Standing

Although defendant certainly has shown that plaintiff's service was ineffectual under Rule 4, Federal Rules of Civil Procedure, inasmuch as he failed to direct his summons to a corporate officer or other person or agent authorized to accept service of process, that error could be cured. The crux of defendant's argument is whether plaintiff has standing to bring this action, which is a threshold consideration for a court. In order to bring an action before a court, a plaintiff must have a real case or controversy, capable of adjudication, in which he is entitled to some substantive relief. That a friend was allegedly harmed, or that one incurred expense or distress because a friend was harmed, is not actionable.

Rule 17(a) of the Federal Rules of Civil Procedure sets forth the requirement that "[e]very action shall be prosecuted in the name of the real party in interest." Fed. R.Civ.P. 17(a). It qualifies that statement by providing that "[a]n executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought." Fed. R.Civ.P. 17(a). To the extent plaintiff may have been able to bring a cause of action under Rule 17(a), those potential claims will be discussed below.

### B. Possible Contract Claim

Plaintiff qualifies as a real party in interest, if at all, only to the extent that he entered into a contract with defendant upon purchasing airline tickets for the benefit of the passengers. Plaintiff only has standing to bring an action for breach of that contract of carriage, which is a limited right of recovery. Not only has plaintiff not brought a breach-of-contract claim, it appears that he could not do so, inasmuch as the applicable tariffs specifically exclude the claim he seeks to bring. Basically, federal law provides that international carriers are not assurers of their passengers' compliance with the various international laws concerning entry. The duty, as it should be, is placed solely on the passengers.

### C. Possible Negligent–Infliction–of–Emotional–Distress Claim

Although the Airline Deregulation Act of 1978 ("ADA") does not preempt contract claims, it does preempt negligence claims under common law. 49 U.S.C.A. § 40101. Section 105 of the Act provides, in pertinent part, as follows:

(b) Preemption

    (1) Except as provided in this subsection, a State ... may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart. 49 U.S.C.A. § 41713 (2000).

That provision preempts state common-law claims. *Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 378, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992).

Even if a common-law claim in these circumstances were not preempted, plaintiff would have to allege the following con-

cerning his emotional distress at the deportation of the passengers:

1. defendants negligently engaged in conduct;

2. it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress or mental anguish; and

3. the conduct did in fact cause the plaintiff severe emotional distress.

*Pardasani v. Rack Room Shoes, Inc.*, 912 F.Supp. 187, 192 (M.D.N.C.1996). Plaintiff cannot allege that defendant "negligently engaged in conduct," because it did nothing other than what it was obligated to do under the carriage contract and the applicable tariff. Further, plaintiff cannot allege that it was reasonably foreseeable by defendant that plaintiff would suffer "severe emotional distress" based on the passengers' own failure to comply with United States law. In *Chukwu v. Board of Directors British Airways*, 889 F.Supp. 12 (D.Mass.1995), *aff'd* 101 F.3d 106 (1st Cir. 1996), *cert. denied* 520 U.S. 1188, 117 S.Ct. 1473, 137 L.Ed.2d 685 (1997), the district court determined that the plaintiff's tort claims, which were premised upon the defendant's decision to refuse boarding to plaintiff's brother (for whom plaintiff had purchased the subject airline ticket), were "clearly related to an airline 'service' within the meaning of [49 U.S.C.A. § 41713 (2000) ]," and, thus, were preempted by the ADA. *Id.*, at 14.

### D. Waiver

▆▆▆ Plaintiff failed to attach the contract with defendant which underlies his claim, but defendant has supplied that document. The Conditions of Carriage provide, as follows:

Carrier shall not be liable for any aid or information given by any agent or employee of the carrier to any passengers in connections [sic] with obtaining neces-

sary documents or complying with such laws, regulations, orders, demands, requirements, or instructions, whether given orally, in writing, or otherwise, or for the consequences to any passenger resulting from his or her failure to obtain such documents or to comply with such laws, regulations, orders, demands, requirements, or instructions.

Northwest Airlines, Conditions of Carriage: International Passenger Rules and Fares Tariff CAB 491, "Administrative Formalities Passports, Visas and Tourist Cards" (Jan. 1, 1999). The acts of which plaintiff complains are specifically voided by the tariff. The Conditions of Carriage clearly place on the passengers the onus for assuring compliance with applicable immigration and international travel laws, and they prevent the passengers, as well as plaintiff, from alleging that defendant had a duty to ensure compliance on the part of the passengers with applicable immigration and international travel laws.

### RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendant's Motion to Dismiss be **ALLOWED** and plaintiff's complaint be **DISMISSED.**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within ten (10) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, 467 U.S.

1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984).

This Memorandum and Recommendation is entered in response to defendant's Motion to Dismiss (# 3).