**Troy DeTERRA Plaintiff**

v.

**AMERICA WEST AIRLINES, INC. Defendant**

**No. CIV.A.99–12266–LPC.**

United States District Court, D. Massachusetts.

March 28, 2002.

---

Carlin J. Phillips, Gogel, Phillips & Garcia, N. Dartmouth, Kenneth J. Gogel, Gogel, Donoghue & Gogel, Boston, Andrew J. Garcia, Phillips & Garcia, LLP, North Dartmouth, MA, for Troy Deterra, Plaintiff.

Sherry Y. Mulloy, Meehan, Boyle, Black & Fitzgerald, P.C., Boston, MA, Peter J. Black, Meehan, Boyle, Black & Fitzgerald, MA, for America West Airlines, Inc., Defendant.

## MEMORANDUM AND ORDER AND PROCEDURAL ORDER

LAWRENCE P. COHEN, United States Magistrate Judge.

This is an action in which the plaintiff alleges that he was discriminated against by the defendant on account of a handicap. In Count I of the complaint, plaintiff seeks compensatory damages under the Air Carrier Access Act (hereinafter "ACAA").[1] In Count II, plaintiff seeks punitive damages under the ACAA. In Count III, plaintiff seeks compensatory damages for a common law breach of contract. Counts IV through VI are pendent state law tort claims (Count IV alleges negligence, Count V alleges intentional infliction of emotional distress, and Count VI[2] alleges negligent infliction of emotional distress). The above-entitled case was referred to this court for all proceedings, including trial and entry of judgment, with the consent of the parties and consistent with the provisions of 28 U.S.C. § 636(c) and Rule 4(c)(1) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts.

Defendant has filed a Motion for Partial[3] Summary Judgment Pursuant to Fed. R.Civ. P 56 (# 32). In that motion, defendant contends (1) that the pendent state

---

1. In his complaint, plaintiff references the ACAA to Title 49, United States Code, Section 1374(c). The ACAA, however, has been recodified as Title 49, United States Code, Section 41705.

2. In his complaint, plaintiff pleads the latter two claims as Count V. In this Memorandum and Order, however, this court refers to the intentional infliction of emotional distress claim as Count V, and the negligent infliction of emotional distress claim as Count VI.

3. The motion was originally filed as one for *partial* summary judgment. Since the preparation of this Memorandum and Order and Procedural Order, defendant has filed a corrected motion which makes clear that the motion is not for partial summary judgment, but for judgment as to all claims.

tort claims (Counts IV through VI) are preempted and/or barred by the provisions of the Airline Deregulation Act of 1978 [4] (hereinafter "ADA"); (2) that the breach of contract claim (Count III) is likewise barred by the ADA; (3) that, based on the undisputed facts, defendant is entitled to judgment as a matter of law on Count I which alleges a violation of the ACAA; and (4) that Count II should be dismissed as a matter of law for the reason that punitive damages are not allowed in actions brought under the ACAA.

### I. Preemption and the Pendent State Tort Claims (Counts IV through VI)

In his complaint, plaintiff generally alleges that he was discriminated against on account of his handicap in connection with boarding (or, as it turned out, non-boarding) on a particular flight. By its terms, the ADA prohibits States from "enact[ing] or enforc[ing] any law ... or other provision having the force and effect of law relating to [air carrier] rates, routes, or *services.*" (Emphasis added). Defendant contends that the alleged discrimination occurred in connection with a "service" provided by the defendant within the meaning of the ADA, and plaintiff, not surprisingly, counters that boarding and pre-boarding proceedings are *not* a "service" provided by the defendant within the meaning of the ADA.

The United States Court of Appeals for this Circuit has not authoritatively weighed in on the meaning of the term, "service", as used in the ADA.[5] A number

---

**4.** Title 49, United States Code, Section 41713(b).

**5.** In *Chukwu v. Board of Directors British Airways*, 889 F.Supp. 12, 13 (D.Mass.1995), the plaintiff alleged that he had been improperly denied boarding on a flight because, as he was told, he lacked proper documentation. On account of this, he sued the airline for breach of contract, for slander, and for intentional infliction of emotional distress. Judge Lasker of this Court concluded that the latter two claims (slander and intentional infliction of emotional distress), sounding in tort, were preempted under the ADA, concluding, *inter alia* (*Id.* at 13):

> Accordingly, whether Azubuko's tort claims are preempted depends upon whether they "relate to" a "service" within the meaning of § 1305. See *Stagl v. Delta Air Lines, Inc.*, 849 F.Supp. 179 (E.D.N.Y. 1994). Claims involving "services provided by individual airline employees directly to passengers, such as *ticketing, boarding,* inflight service, and the like," are related to airline 'services' under § 1305, and therefore preempted. Id. at 181 (quoting *Stewart v. American Airlines, Inc.*, 776 F.Supp. 1194, 1197 (S.D.Tex.1991)); See also *Hodges v. Delta Airlines*, 44 F.3d 334, 336 (5th Cir.1995). In *Williams v. Express Airlines I, Inc.*, 825 F.Supp. 831 (W.D.Tenn.1993) the plaintiff, like Azubuko's brother, was

refused boarding. There, the court found that Williams' false imprisonment claim "related to" an airline "service", and was therefore preempted: "Unquestionably, the object of plaintiff's movement—to fly upon Flight 2463—was an 'airline service'". 825 F.Supp. at 833. Similarly, In *Cannava v. USAir*, 1993 WL 565341 (D.Mass. Jan. 7, 1993) the Court found that an allegedly rude ticketing agent was performing airline services when the agent tore up plaintiff's "bereavement fare" ticket. Id., 1993 WL 565341, at *6.

The gist of Azubuko's complaint is that British Airways wrongfully prevented his brother from *boarding* a flight, a process uniquely within the service provided and controlled by air carriers. His claims, therefore, are clearly related to an airline "service" within the meaning of § 1305(a)(1). Because Azubuko's tort claims arise under state law, they are preempted by § 1305(a)(1). (Emphasis added).

On appeal, the First Circuit affirmed by means of a memorandum, simply stating (*Azubuko v. Board of Directors British Airways*, 101 F.3d 106 (1996)):

> After carefully reviewing the parties' briefs and the record, we affirm the judgment of the district court for essentially the reasons stated in its Opinions and Orders, dated April 26, 1995 and January 30, 1996.

of other courts, however, have reached differing results on the issue, all of which was summarized by Justice O'Connor[6] in dissenting from a denial of a petition for a writ of certiorari in the case, *Northwest Airlines, Inc. v. Duncan*, 531 U.S. 1058, 121 S.Ct. 650, 148 L.Ed.2d 571 (2000). There Justice O'Connor observed (*Id.*):

> We have addressed the scope of the ADA's pre-emption provision on two prior occasions. In *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992), we noted the "broad preemptive purpose" of the ADA. And while we have never directly addressed the definition of "service" within the meaning of § 41713(b)(1), we have suggested that this term encompasses "access to flights and class-of-service upgrades." *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 226, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995). The Courts of Appeals, however, have taken directly conflicting positions on this question of statutory interpretation.

The Ninth Circuit below, adhering to its decision in *Charas v. TWA*, 160 F.3d 1259 (1998) (en banc), held that the term "service" encompasses " 'the prices, schedules, origins and destinations of the point-to-point transportation of passengers, cargo, or mail,' " but not the " 'provision of in-flight beverages, personal assistance to passengers, the handling of luggage, and similar amenities.' " *Duncan v. Northwest Airlines, Inc.*, 208 F.3d 1112, 1114–1115 (2000) (quoting *Charas*, supra, at 1261). The

Third Circuit has expressly agreed with this approach. *Taj Mahal Travel, Inc. v. Delta Airlines Inc.*, 164 F.3d 186, 194 (1998). In contrast, three Courts of Appeals have adopted a much broader definition. See *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 336 (5th Cir.1995) (en banc) (defining "service" in terms of the " '[contractual] features of air transportation,' " including " 'ticketing, boarding procedures, provision of food and drink, and baggage handling' "); *Smith v. Comair, Inc.*, 134 F.3d 254, 259 (4th Cir. 1998) ( "Undoubtedly, boarding procedures are a service rendered by an airline") (citing Hodges, supra, at 336); *Travel All Over The World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1433 (7th Cir.1996) (adopting *Hodges* definition). See also *Chukwu v. Board of Directors British Airways*, 889 F.Supp. 12, 13 (D.Mass.1995), aff'd mem., 101 F.3d 106, 1996 WL 662466 (1st Cir.1996) (same).

This court has reviewed extensively the holdings in the two en banc courts referred to above,[7] as well as the holdings in the other referred-to courts of appeals and district court cases. In this court's view, the *Hodges* camp,[8] which includes the reasoned views of Judge Lasker of this court, present the more reasoned analysis as to what constitutes a "service" within the meaning of the ADA.

For these reasons, defendant is entitled to judgment as a matter of law on Counts IV through VI.

---

**6.** Joined by the Chief Justice and Justice Thomas.

**7.** *Charas v. TWA*, 160 F.3d 1259 (1998), and *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 336 (5th Cir.1995).

**8.** *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 336 (5th Cir.1995) (en banc); *Smith v. Co-*

*mair, Inc.*, 134 F.3d 254, 259 (4th Cir.1998); *Travel All Over The World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1433 (7th Cir. 1996); and *Chukwu v. Board of Directors British Airways*, 889 F.Supp. 12, 13 (D.Mass. 1995), aff'd mem., 101 F.3d 106, 1996 WL 662466 (1st Cir.1996).

## II. Preemption and the Breach of Contract Claim (Count III)

■■■ For the reasons also set forth by Judge Lasker in *Chukwu v. Board of Directors British Airways*, 889 F.Supp. 12, 13 (D.Mass.1995), aff'd mem., 101 F.3d 106, 1996 WL 662466 (1st Cir.1996), Judge Collings in *Chukwu v. Board of Directors Varig Airline*, 880 F.Supp. 891 (D.Mass. 1995), not to mention the holdings in two previous Supreme Court cases, *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992); *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 226, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995), this court concludes that plaintiff's breach of contract claim (Count III), to the extent that that count sets forth a simple breach of contract claim, is not preempted by any federal statute or rule, and that that claim may go forward. To that extent, defendants' motion for partial summary judgment is denied.[9]

## III. The ACAA (Counts I and II)

To the extent that the parties address the merits of Count I (the claim for compensatory damages under the ACAA), it is not entirely clear from the submissions of the parties precisely what the claim of the plaintiff is, and/or which material facts, if any, are really in dispute according to the theories advanced by the plaintiff.

A hearing is accordingly ordered as to that matter on Tuesday, April 16, 2002, at 11:00 a.m.[10]

9. We hasten to add, however, that the denial of defendant's motion for partial summary judgment *vis a vis* Count III is premised on the assumption that Count III embraces a simple breach of contract claim. As such, this court is unaware of any authority allowing the award of damages for "emotional distress" or "pain and suffering" as prayed for by plaintiff under Count III. To be sure, breach of contract claims at common law allowed for damages in terms of the benefit of the bargain and, in, some cases, foreseeable economic consequential damages. But this court is unaware of any holding at common law or, for that matter, any state court, concluding that a simple breach of contract claim (not converted into a kissing cousin tort of some sort or another—*e.g.*, intentional inflic-

tion of emotional distress, misrepresentation, unfair consumer practices—all of which would be barred as preempted for the reasons set forth in Part I of this Memorandum and Order) would yield to the successful suitor damages for emotional distress and/or for pain and suffering.

10. At this time, this court does not address defendant's motion for partial summary judgment to the extent that defendant contends that a violation of the ACAA warrants punitive damages, as prayed for under Count II. As a practical matter, if this court concludes, after hearing, that defendant is entitled to judgment as a matter of law on Count I based on the undisputed material facts, Count II becomes moot.