[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11927
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-1846-CC


XIAOYUN "LUCY" LU,

Plaintiff–Appellant,

versus

AIRTRAN AIRWAYS, INC.,

Defendant–Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 6, 2015)

Before MARCUS, WILLIAM PRYOR, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant, Xiaoyun "Lucy" Lu ("Lu"), appeals the district court's order dismissing Lu's Second Amended Complaint ("Complaint") against AirTran Airways, Inc. ("AirTran") under Federal Rule of Civil Procedure 12(b)(6) and the preemption provision of the Airline Deregulation Act ("ADA"). After reviewing the record and reading the parties' briefs, we affirm the order of dismissal.

## I. BACKGROUND

On June 1, 2013, Lu boarded AirTran flight 604 to travel from New York to Atlanta. After boarding the plane, Lu noticed a liquid leaking from the air vent above her first class seat. The "constant leak" landed on Lu's face, arm, and pants. A flight attendant ("Flight Attendant One") provided Lu with paper towels, but refused to take further action to address the leaking vent. Lu claims that she had to repeatedly wipe off the vents to stop the flow of liquid.

Prior to departing from the gate, Lu was scolded by another flight attendant ("Flight Attendant Two") for having her phone on. Lu attempted to explain that her phone was in airplane mode and asked that the flight attendant speak politely to her. According to Lu, Flight Attendant Two became outraged and threatened to "throw [Lu] off the plane." Flight Attendant One asked Lu to turn her phone off, which Lu claims she did immediately and in front of Flight Attendant One. Lu alleges that Flight Attendant Two continued to verbally abuse her and threaten to throw her off the plane. Next, a security officer entered the plane, announced that the plane would not take off until Lu was removed, and escorted Lu off the plane. She was not offered any explanation for her removal, nor was she provided a copy

2

of AirTran's policy for excluding passengers when she requested one from an AirTran counter employee.

Lu initiated this action two days later, contending that she suffered humiliation, embarrassment, fright, and violation by being subjected to verbal abuse, an unknown leaking liquid, and her removal from the plane despite having turned off her cell phone. The district court determined that Lu's claims for negligence, slander, breach of implied covenant of good faith, and negligent hiring, training and supervision were preempted under the ADA, 49 U.S.C. § 41713, and dismissed Lu's remaining state law claims relating to the air vent under Rule 12(b)(6). This appeal followed.[1]

## II. STANDARD OF REVIEW

We review de novo the district court's dismissal for failure to state a claim, accepting all factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015). To survive a motion to dismiss, a complaint must allege sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). We review a district court's determination that federal law preempts state law de novo. *Stansell v. Revolutionary Armed Forces of Colom.*, 771 F.3d 713, 725 (11th Cir. 2014).

---

[1] Motions to amend Lu's complaint to cure pleading defects in regard to the subject matter jurisdiction of this Court and to file out of time were granted on July 24, 2015 and August 5, 2015, respectively.

## III. DISCUSSION

1. Preemption

The Airline Deregulation Act ("ADA") was enacted in 1978 as an amendment to the Federal Aviation Act ("FAA") to encourage competition in the aviation industry through deregulation. *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378, 112 S. Ct. 2031, 2034 (1992). "To ensure that the States would not undo federal deregulation with regulation of their own, the ADA included a pre-emption provision." *Id.* The provision states: "[A] State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart." 49 U.S.C. § 41713(b)(1) (2012). Accordingly, laws that "relate to" AirTran's "price, route, or service" are expressly preempted under the ADA.

The Supreme Court has defined "related to" under the ADA broadly, using the same standard for interpretation as ERISA. *Morales*, 504 U.S. at 383–84, 112 S. Ct. at 2037 ("Since the relevant language of the ADA is identical [to ERISA], we think it appropriate to adopt the same standard here. . . .").[2] The Eleventh Circuit adopted the Fifth Circuit's broad interpretation of "service" under the ADA in *Branche v. AirTran Airways, Inc.*:

---

[2] The Supreme Court declined, however, to define the "service" under the ADA. *See Nw. Airlines, Inc. v. Duncan*, 531 U.S. 1058, 121 S. Ct. 650, 650 (2000) (O'Connor, J., dissenting from denial of certiorari to address the circuit split regarding the scope of the term "services" under the ADA preemption provision).

4

"Services" generally represent a bargained-for or anticipated provision of labor from one party to another. . . . Elements of the air carrier service bargain include items such as ticketing, boarding procedures, provision of food and drink, and baggage handling, in addition to the transportation itself. These matters are all appurtenant and necessarily included with the contract of carriage between the passenger or shipper and the airline. It is these [contractual] features of air transportation that we believe Congress intended to de-regulate as "services" and broadly to protect from state regulation.

342 F.3d 1248, 1256–57 (11th Cir. 2003) (quoting *Hodges v. Delta Airlines, Inc.*, 44 F.3d. 334, 336 (5th Cir. 1995) (en banc)).

The district court's preemption analysis categorized Lu's Complaint into three main allegations: (1) rudeness, verbal abuse, and mistreatment by AirTran staff; (2) removal from the airplane despite turning off her cell phone; and (3) unknown liquid leaking onto the plaintiff from an air vent.

       i.      AirTran Staff Conduct

The district court correctly concluded that Lu's claims concerning AirTran staff's rudeness following the confrontation regarding her cell phone are preempted under the ADA. Each alleged instance of mistreatment was related to AirTran's services, the courteousness and professionalism of its staff while executing boarding procedures. *See Koutsouradis v. Delta Air Lines, Inc.*, 427 F.3d 1339, 1344 n.2 (11th Cir. 2005) ("Baggage handling, passenger handling and courteousness relate to the heart of services that an airline provides. These services are inherent when you board an airplane."); *Branche*, 342 F.3d at 1257 (including "boarding procedures" in its definition of services). Therefore, we agree with the district court that these claims are preempted under the ADA.

5

ii.    Lu's removal from the plane

a.  Tort claims

Lu argues that her removal from AirTran flight 604 failed to meet the standards for "permissive refusal" under 49 U.S.C. § 44902(b), which absolves air carriers of liability for refusal to transport to a passenger if "the carrier decides [the passenger] is, or might be, inimical to safety." *Cerqueira v. Am. Airlines, Inc.*, 520 F.3d 1, 12 (1st Cir. 2008) (noting that the air carrier's refusal "discretion is very broad").  The Eleventh Circuit has not discussed the application of § 44902(b) in this context.

Section 44902(b) "does not provide for judicial review of decisions to refuse transportation by the pilot in command."  *Cerqueira*, 520 F.3d at 13.  However, several circuits have reviewed wrongful refusal claims implicating § 44902(b) under anti-discrimination statutes, such as 42 U.S.C. § 1981.  *Id.* at 13.  The First, Second, and Ninth Circuits' standard of liability for refusal to transport requires that the decision to refuse be "arbitrary and capricious."  *See Cerqueira*, 520 F.3d at 14 (citing *Cordero v. Cia Mexicana De Aviacion*, *S.A.*, 681 F.2d 669 (9th Cir. 1982); *Williams v. Trans World Airlines*, 509 F.2d 942, 948 (2d Cir. 1975)).  There is no duty on the part of the captain to investigate recommendations by flight attendants for removal of a passenger, and the captain is entitled to take representations of flight attendants at face value.  *See Cordero*, 681 F.2d at 672; *Cristel v. AMR Corp.,* 222 F. Supp. 2d 335 (E.D.N.Y. 2002) (decision to eject a passenger from the plane for, among other things, repeated failure to shut down a portable electronic device not arbitrary or capricious "[e]ven if the battle of the

6

egos escalated to [the flight attendant] making exaggerated or even false representations to the Captain").

In the instant case, the district court expressed doubts as to the plausibility of plaintiff's claims under § 44902(b), but, finding Lu's tort claims for wrongful removal preempted under the ADA,[3] did not reach a decision as to whether or not Lu's Complaint stated a claim under § 44902(b). We conclude from the record that Lu failed to state a claim for wrongful removal under § 44902(b). Because § 44902(b) confers an affirmative privilege to the airline, the plaintiff has the burden to show that § 44902(b) does not apply. *Cerqueira*, 520 F.3d at 13–14. Lu did not allege any discriminatory animus for her removal from the flight. Lu only insisted that her actions were not "inimical to safety" and cited the "arbitrary and capricious preferences" of the flight attendants in an attempt to meet her burden under § 44902(b). Such conclusory statements and bare assertions that Lu's behavior was not inimical to safety—despite her admitted failure to comply with

---

[3] We do not agree with this part of the district court's analysis, but we affirm the district court's decision on other grounds. *See Watkins v. City of Montgomery, Ala.*, 775 F.3d 1280, 1289 (11th Cir. 2014) ("[W]e may affirm a district court's decision to grant or deny a motion for any reason supported by the record."). The Eleventh Circuit has not addressed whether removal from an aircraft is a "service" under the preemption provision of the ADA. Insofar as Lu's tort claims address her removal from the aircraft, we conclude that the record does not support the district court's finding that removal is related to "transportation itself" or boarding procedures under the ADA. The boarding and transportation services contemplated by the ADA address the economic decisions and bargained-for contractual features "over which air carriers compete." *Branche v. Airtran Airways, Inc.*, 342 F.3d 1248, 1258 (11th Cir. 2003). As it is improbable that customers discern between the procedures for removal for failure to comply with FAA regulations, we find the district court's analogy too attenuated to support preemption under the ADA. The record does, however, support dismissal for failure to state a claim for wrongful removal.

safety regulations[4]—do not plausibly support a claim that her removal from the flight was arbitrary or capricious. Accordingly, we affirm the district court's dismissal of Lu's tort claims for her removal from the aircraft.

b. Lu's Claim for implied covenant of good faith and fair dealing

The district court correctly dismissed Lu's contract claims as preempted under the ADA. In *Wolens*, the Supreme Court excepted breach of contract claims from the preemption provision of the ADA only where the action was confined to the terms of the parties' voluntary undertakings, "with no enlargement or enhancement based on state laws or policies external to the agreement." *Wolens v. American Airlines, Inc.*, 513 U.S. 219, 223, 115 S. Ct. 817, 826 (1995); *see generally Ginsburg v. Northwest, Inc.*, 134 S. Ct. 1422, 1427–31 (2014) (the ADA preempts a state-law claim for breach of implied covenant of good faith and fair dealing if it seeks to enlarge the contractual obligations that the parties voluntarily adopt). Here, because Lu's contract claim relates to her removal from the plane under § 44902(b), it necessarily requires inquiry into federal law and regulations external to her carriage contract with AirTran. *See Smith v. Comair, Inc.*, 134 F.3d 254, 258 (4th Cir. 1998) (holding a contract claim for refusal to transport preempted where refusal decision was based on passenger's failure to comply with FAA regulations implicated federal law, external to the parties' agreement). Accordingly, we conclude that Lu's contract claims are preempted under the ADA.

---

[4] 14 C.F.R. § 91.21 prohibits the use of portable electronic devices, including cell phones, on a commercial aircraft that the operator has determined will cause interference with the communication system of the aircraft on which it is to be used.

8

### iii.    Leaking Air Vent

*Branche* confirmed that personal injury claims "resulting from the operation or maintenance of the aircraft" are not preempted under the ADA.  342 F.3d at 1258.  Lu's state law claims concerning the leaking air vent are a result of the operation of maintenance of the aircraft.  Therefore, the district court correctly concluded that Lu's tort claims concerning the leaking air vent were not preempted.

### 2.  Remaining State Law Claims

The district court dismissed the remainder of Lu's state law claims under Rule 12(b)(6).  We review each determination below.

### i.    Negligent infliction of emotional distress

The district court correctly concluded that Lu failed to plead the necessary elements for negligent infliction of emotion distress under Georgia or New York law,[5] specifically, a physical injury or any unreasonable endangerment presented by the leaking air vent. *See Hill v. Ford Motor Co.*, 975 F. Supp. 2d 1351, 1359 (N.D. Ga. 2013) ("Under Georgia's 'impact rule,' a plaintiff must prove three elements for a negligent infliction claim: (1) a physical impact on the plaintiff, (2) that the impact causes physical injury to the plaintiff, and (3) that the physical injury to the plaintiff causes his or her emotional distress."); *Mortise v. United*

---

[5] The district court, sitting in Georgia, correctly noted that Georgia choice of law rules—lex loci delicit and lex loci contractus—should apply in this case.  The events at issue took place in New York, and the ticket supporting Lu's contract claims was purchased in Georgia.  However, the parties cited both New York and Georgia law in their briefs, and the district court applied both states' laws in its analysis.  As the issue of choice of law is not raised on appeal and is not dispositive to its outcome, we affirm without addressing choice of law.

9

*States*, 102 F.3d 693, 696 (2d Cir. 1996) ("Under [New York law's] "direct duty" theory a plaintiff has a cause of action for negligent infliction of emotional distress if she suffers an emotional injury from defendant's breach of a duty which unreasonably endangered her own physical safety.").

    ii.    Negligent Hiring, Training, and Supervision

Under both New York and Georgia law, claims for negligent hiring, training, and supervision require a showing that the employer was or should have been aware of the employee's tendencies that caused the injury prior to its occurrence. *See Ehrens v. Lutheran Church*, 385 F.3d 232, 235 (2d Cir. 2004) (applying New York law); *Edwards v. Wisconsin Pharacal Co., LLC*, 987 F. Supp. 2d 1340, 1347 (N.D. Ga. 2013). Lu's Complaint failed to plead facts regarding AirTran employees' relevant tendencies, alleging only that AirTran "knew or should have known that policies were needed for employees to appropriately handle issues such as leaking air vents and passengers with cell phones." Therefore, dismissal was proper.

    iii.    Intentional Infliction of Emotional Distress

Liability for intentional infliction of emotional distress requires conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency . . . and utterly intolerable in a civilized community." *Howell v. New York Post Co.*, 612 N.E.2d 699, 702 (1993) (citations omitted); *see Smith-Tyler v. Bank of Am., N.A.*, 992 F. Supp. 2d 1277, 1282 (N.D. Ga. 2014). Lu's allegations that she was made to suffer constant leaking liquid in her first class seat fall well short of this standard, and the district court correctly dismissed this claim.

10

iv.    Slander

As previously discussed, the comments made by Flight Attendant Two during boarding relate to AirTran's services and are preempted under the ADA. Because we conclude Lu's slander claim involving Lu's removal and the security officer's related statements are not preempted, they will be briefly addressed. "A plaintiff must plead four elements to state a claim of defamation: (1) a false and defamatory statement concerning the plaintiff; (2) publication by the defendant of such a statement to a third party; (3) fault on the part of the defendant; and (4) injury to the plaintiff." *Tucker v. Wyckoff Heights Med. Ctr.*, 52 F. Supp. 3d 583, 597 (S.D.N.Y. 2014); *Monge v. Madison Cnty. Record, Inc.*, 802 F. Supp. 2d 1327, 1333 (N.D. Ga. 2011). Statements that are "substantially true are not defamatory." *Tucker,* 52 F. Supp. 3d at 597; *see Monge*, 802 F. Supp. 2d at 1333. Lu failed to allege that the security officer's statements were false, only claiming that they were "insulting." Accordingly, Lu failed to state a claim for slander.

## IV. CONCLUSION

For the foregoing reasons, we affirm the district court's order dismissing Lu's Second Amended Complaint.

AFFIRMED.

11