594 F.2d 932
 CACERES AGENCY, INC., for itself and on behalf of others
similarly situated, Plaintiff-Appellant,
v.
TRANS WORLD AIRWAYS, INC., Defendant-Appellee.
CACERES AGENCY, INC., for itself and on behalf of others
similarly situated, Plaintiff-Appellant,
v.
BRANIFF INTERNATIONAL AIRWAYS, INC., Defendant-Appellee.
CACERES AGENCY, INC., for itself and on behalf of others
similarly situated, Plaintiff-Appellant,
v.
LUFTHANSA GERMAN AIRLINES (Deutsche Lufthansa
Aktiengesellschaft), Defendant-Appellee.
 Nos. 369-71, Dockets 78-7374 to 78-7376.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 16, 1978.
Decided March 26, 1979.
 
 Thomas R. Cosgrove, New York City (Lovejoy, Wasson, Lundgren & Ashton, New York City, Anthony F. LoFrisco, New York City, of counsel), for appellant.
 Zachary Shimer, New York City (Chadbourne, Parke, Whiteside & Wolff, Carl S. Rowe and Harold L. Warner, Jr., New York City, of counsel), for appellees.
 Before WATERMAN, TIMBERS and VAN GRAAFEILAND, Circuit Judges.
 VAN GRAAFEILAND, Circuit Judge:
 
 
 1
 Section 404(b) of the Federal Aviation Act, 49 U.S.C. § 1374(b), prohibits air carriers from giving any person an unreasonable preference or subjecting any person to an unjust discrimination or undue disadvantage. Plaintiff, a travel agent, appeals from judgments of the United States District Court for the Southern District of New York dismissing plaintiff's complaints which sought damages under section 404(b) because of alleged preferential commissions paid by the defendant airlines to other travel agents. The complaints against Lufthansa German Airlines and Trans World Airways, Inc., were dismissed by Judge Stewart, the complaint against Braniff International Airways, Inc., by Judge Haight. In granting defendants' Rule 12(b) motions to dismiss, both judges held that plaintiff had no private right of action for the alleged statutory violations. We agree.
 
 
 2
 The complaints, which were filed on March 3, 1978, demanded reparation on behalf of a proposed class of nonfavored travel agents for a two-month period of alleged wrongdoing commencing March 3, 1975, and ending May 3, 1975. Prior to the latter date, the defendants, pursuant to a Uniform Passenger Sales Agency Agreement executed on their behalf by the International Air Transport Association, were required to pay fixed and equal commission rates to all IATA-approved travel agents.[1] Plaintiff, an IATA approved agent, contends that defendants violated this agreement by paying some agents more than others. However, plaintiff based its claim to recovery upon section 404(b), not upon the contract.
 
 
 3
 The Federal Aviation Act contains no express provision authorizing travel agents to sue for damages under section 404(b). Four of this Circuit's trial judges applying the test prescribed in Cort v. Ash, 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), have held that such a right of action will not be implied. Judges Stewart and Haight so held in the court below; Judge Ward did so in Sanders v. Air India, 454 F.Supp. 1371 (S.D.N.Y.1978), and Judge Bramwell did so in Viking Travel, Inc. v. Air France, 462 F.Supp. 28 (E.D.N.Y.1978). Using the same test, we reach the same result.
 
 
 4
 We are satisfied at the outset that the statute was not enacted for the benefit of travel agents. On the contrary, travel agents themselves are subject to regulation along with air carriers. See Federal Aviation Act, §§ 403(b)(1), 411, 49 U.S.C. §§ 1373(b)(1), 1381. They therefore "can scarcely lay claim to the status of 'beneficiary' whom Congress considered in need of protection." Piper v. Chris-Craft Industries, Inc., 430 U.S. 1, 37, 97 S.Ct. 926, 947, 51 L.Ed.2d 124 (1977). Many years ago, this Court stated that section 404(b) (then section 484(b) of the Civil Aeronautics Act) was for the benefit of persons using the facilities of air carriers. Fitzgerald v. Pan American World Airways, Inc., 229 F.2d 499, 501 (2d Cir. 1956); See also Lichten v. Eastern Airlines, Inc., 189 F.2d 939, 941 (2d Cir. 1951). What was the then statutory purpose remains the statutory purpose today; it is the protection of the traveling public. Northwest Airlines, Inc. v. United States, 444 F.2d 1097, 1100, 195 Ct.Cl. 356 (1971); Transcontinental Bus System, Inc. v. CAB, 383 F.2d 466, 474-75 (5th Cir. 1967), Cert. denied, 390 U.S. 920, 88 S.Ct. 850, 19 L.Ed.2d 979 (1968); See Wolf v. Trans World Airlines, Inc., 544 F.2d 134, 136-38 (3d Cir. 1976), Cert. denied, 430 U.S. 915, 97 S.Ct. 1327, 51 L.Ed.2d 593 (1977). Needless to say, travel agents, as such, are not members of the traveling public.
 
 
 5
 Even if section 404(b) could be so construed as to include travel agents among its beneficiaries, there is no indication of a congressional intent to give them a private right to recover damages for violations of the section. The only provision in the Act authorizing a private action is in section 1007(a), 49 U.S.C. § 1487(a). That section authorizes any party in interest to apply to a district court for the enforcement of section 401(a), 49 U.S.C. § 1371(a), which prohibits persons from engaging in air transportation without a C.A.B. certificate. The C.A.B. or the Federal Aviation Administrator initiates, pursuant to section 1007(a), all enforcement proceedings for other violations of the Act. Congress having thus specifically prescribed the remedies it deems appropriate, courts should not alter the congressional design with remedies of their own choosing. National Railroad Passenger Corp. v. National Association of Railroad Passengers, 414 U.S. 453, 458, 94 S.Ct. 690, 38 L.Ed.2d 646 (1974); Adato v. Kagan, No. 77-7620, --- F.2d ----, ---- slip op. 5411, 5423 (2d Cir. Jan. 29, 1979).
 
 
 6
 The implication of a private right to sue for damages does not inevitably complement the work of the agency charged by Congress with the enforcement of a statute. Private litigation tends to transfer regulatory interpretation and discretion from the agency to the courts, which are ill-equipped to undertake the burdens thus imposed upon them. Inconsistency in enforcement may well ensue. See Wolf v. Trans World Airlines, Inc., supra, 544 F.2d at 137-38. Moreover, the deterrent effect of damage litigation is largely incidental, and Congress may conclude that statutory compliance will be better achieved by more efficient and less expensive means. See Piper v. Chris-Craft Industries, Inc., supra, 430 U.S. at 39-40, 97 S.Ct. 926. Where, as here, the monetary recovery that plaintiff seeks is not intended to compensate those whom the statute was designed to protect, the underlying purposes of section 404(b) will be furthered little by allowing plaintiff to proceed. Id. at 39, 97 S.Ct. 926.
 
 
 7
 Plaintiff's cause of action is basically for breach of contract, a remedy traditionally relegated to state law. If the defendants violated the terms of the Uniform Passenger Sales Agency Agreement requiring them to pay fixed and equal commission rates, plaintiff has a simple, straightforward claim for damages. Where no statutory purpose will be achieved or national interest served by the implication of a federal remedy, plaintiff should be limited to its common law action for breach of contract. Polansky v. Trans World Airlines, Inc., 523 F.2d 332, 338 (3d Cir. 1975).
 
 
 8
 The judgments appealed from are affirmed.
 
 
 
 [1]
 This agreement was approved by the Civil Aeronautics Board so as to relieve it from the operations of the antitrust laws. See 49 U.S.C. § 1384