**Victor J. CORDERO, Plaintiff-Appellant,**

**v.**

**CIA MEXICANA DE AVIACION, S.A., a corporation, Defendant-Appellee.**

No. 81–5400.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 3, 1982.

Decided July 16, 1982.

Henry Seligsohn, King & Seligsohn, P.C., Los Angeles, Cal., for plaintiff-appellant.

Michael J. Holland, Condon & Forsyth, Los Angeles, Cal., for defendant-appellee.

Before WALLACE, SCHROEDER and CANBY, Circuit Judges.

CANBY, Circuit Judge:

Victor Cordero appeals from the district court's entry of judgment notwithstanding the verdict in a case brought against Mexicana Airlines for wrongful exclusion from a Mexicana flight. The jury found for Cordero and awarded him $1000 for loss of baggage, $1000 in general damages, and $35,000 in punitive damages. The district court, 512 F.Supp. 205, granted Mexicana's motion for judgment notwithstanding the verdict on the general and punitive damages awards. We reverse the judgment denying general damages and reinstate the jury award. We affirm the judgment denying punitive damages, however, since the evidence adduced at trial does not support such an award.

## FACTS

Cordero boarded a regularly scheduled non-stop Mexicana flight from Los Angeles to Mexico City. There was a long delay on the ground in Los Angeles and, once en route, the pilot announced an unscheduled stop in Mazatlan to pick up additional passengers. Several passengers, disgruntled about the delay in Los Angeles, became visibly upset upon learning of the impending stop in Mazatlan. One passenger, sitting near Cordero, became loud and directed insults at the pilot. The pilot came out of the cockpit and warned the passenger that if he didn't control himself, he would be ejected at Mazatlan. Other than various discontented mutterings, there were no other incidents prior to landing. Inside the terminal at Mazatlan, Cordero circulated a petition complaining of the stop. When he sought to reboard the plane, airline ground personnel informed Cordero that he would not be allowed to continue the flight because he had insulted the captain and the crew. Cordero protested his innocence and informed ground personnel that they had ejected the wrong person. Mexicana refused to reconsider its decision and reissued Cordero's ticket for the following day.

Cordero then brought this action claiming unjust discrimination in violation of section 404(b) of the Federal Aviation Act of 1958, (Act), as amended, 49 U.S.C. § 1374(b)

(1976).[1] At trial, the head stewardess testified that upon disembarking at Mazatlan, Cordero had uttered an obscenity and had raised his arm as if to strike her. She further testified that she had reported the incident to the pilot who decided to exclude Cordero from the continuing flight. Cordero claimed that he was the victim of mistaken identity and produced the testimony of another passenger who confirmed that Cordero had made no untoward remarks or gestures to the stewardess.

The district court instructed the jury that denial of passage was not a violation of the Act if, at the time it refused passage, the airline held a reasonable belief that Cordero might have endangered the continuing flight.[2] After the jury found for Cordero, the district court, relying on section 1111(a) of the Act, 49 U.S.C. § 1511(a), granted judgment notwithstanding the verdict. Under section 1511(a), an air carrier is permitted to refuse transportation to a person "when, in the opinion of the carrier, such transportation would or might be inimical to safety of flight." Contrary to his previously issued jury instructions, the district judge held that section 1511(a) does not require the air carrier's belief that a passenger might create a safety hazard to be a reasonable one in order for the carrier to

exclude that passenger from a flight. The judge also found the evidence insufficient to support an award of punitive damages. For the reasons set forth below, we reverse in part and affirm in part.

## ANALYSIS

■■ Although section 1511(a) empowers an air carrier to refuse passage, we do not think that it renders immune from liability a carrier whose decision to deny passage is unreasonably or irrationally formed. While we agree with the district court that air safety is a paramount concern of air carriers and of the public generally, we do not believe that requiring carriers to act reasonably in formulating opinions to deny passage undercuts this concern. We note that the Second Circuit in *Williams v. Trans World Airlines*, 509 F.2d 942 (2d Cir. 1975), has come to a similar conclusion. In *Williams*, Trans World Airlines invoked section 1511(a) to justify a denial of passage on the basis of F. B. I. reports to the airline that the ticket-holder was a diagnosed schizophrenic and should be considered armed and dangerous. Although the airline found no weapons on the ticket-holder, Williams, it nevertheless refused passage on a flight from London to Detroit. The court of appeals affirmed a finding of no unjust dis-

---

1. Section 404(b) of the Act, 49 U.S.C. § 1374(b) provides:

   No air carrier or foreign air carrier shall make, give, or cause any undue or unreasonable preference or advantage to any particular person, port, locality, or description of traffic in air transportation in any respect whatsoever or subject any particular person, port, locality, or description of traffic in air transportation to any unjust discrimination or any undue or unreasonable prejudice or disadvantage in any respect whatsoever.

   It is well settled that a private right of action exists under this section for a passenger who is "bumped" as a result of overbooking. *Archibald v. Pan American World Airways, Inc.*, 460 F.2d 14 (9th Cir. 1972). *Accord, Karp v. North Central Airlines, Inc.*, 583 F.2d 364 (7th Cir. 1978); *Smith v. Piedmont Aviation, Inc.*, 567 F.2d 290 (5th Cir. 1978); *Nader v. Allegheny Airlines*, 512 F.2d 527 (D.C.Cir.1975), *rev'd on other grounds*, 426 U.S. 290, 96 S.Ct. 1978, 48 L.Ed.2d 643 (1976). Similarly a private right of action exists for racial discrimination. *E.g., Fitzgerald v. Pan American World Airways,*

*Inc.*, 229 F.2d 499 (2d Cir. 1956). We see no material distinction between these situations and the present one, for purposes of an implied right of action.

2. The district court instructed the jury in the following language:

   An airline is justified in refusing to transport a passenger if that transportation in the opinion of the airline and, that again, means the pilot, would be inimical to the safety of the flight. In other words, in judging the legality of a denial of passage, we look to the opinion of the airline pilot, and that opinion controls, if it's a reasonable opinion based on the facts and circumstances as they appear to the pilot at the time that the decision was made. It is not what is reasonable in the after-light, but what appears to be reasonable at the time. On the other hand, if the passenger is excluded because the opinion of the pilot is arbitrary or capricious and not justified by any reason or rational appraisal of the facts, then the denial of passage is discriminatory.

crimination, holding that the airline had a right to accept the F. B. I. reports at face value. 509 F.2d at 948–49. In reaching this conclusion, the court found that section 1374(b) does not limit a carrier's discretion to refuse passage under section 1511(a) so long as the carrier acts on evidence which "would cause a reasonably careful and prudent air carrier of passengers to form the opinion that the presence aboard a plane of the passenger-applicant 'would or might be inimical to safety of flight.'" *Id.* at 948. To aid the trier of fact in determining whether the carrier acted reasonably under section 1511(a), the court set forth the following test:

> The test of whether or not the airline properly exercised its power under § 1511 to refuse passage to an applicant or ticket-holder rests upon the facts and circumstances of the case as known to the airline at the time it formed its opinion and made its decision and whether or not the opinion and decision were rational and reasonable in the light of those facts and circumstances. They are not to be tested by other facts later disclosed by hindsight. *Id.*

We believe there are persuasive reasons for adopting the *Williams* test. First, a requirement of reasonableness under section 1511(a) is consistent with section 1374(b), which was enacted for the benefit and protection of persons using the facilities of air carriers. *E.g., Caceres Agency Inc. v. Trans World Airways, Inc.,* 594 F.2d 932, 933 (2d Cir. 1979). We have not found, nor have we been shown, any legislative history indicating that in enacting section 1511(a) Congress intended to limit the protections afforded ticket-holders under section 1374(b). Second, the *Williams* test takes into account the fact that air carriers often must make decisions within moments of take-off and with less than perfect

knowledge. The reasonableness of the carrier's opinion, therefore, is to be tested on the information available to the airline at the moment a decision is required. There is correspondingly no duty to conduct an in-depth investigation into a ticket-holder's potentially dangerous proclivities. We believe this facet of the test provides a reasonable balance between safety concerns and the right of a ticket-holder to be free from unwarranted discrimination.[3]

■ Because the district court properly instructed the jury in the precise language of the *Williams* test[4] and because it is peculiarly within the province of the trier of fact to determine whether the defendant's conduct was reasonable, we reverse the judgment on the general damages award and reinstate the jury verdict. A motion for judgment notwithstanding the verdict should not be granted unless the evidence, viewed in the light most favorable to the prevailing party, permits only one reasonable conclusion. *Flores v. Pierce,* 617 F.2d 1386, 1389 (9th Cir.), *cert. denied,* 449 U.S. 875, 101 S.Ct. 218, 66 L.Ed.2d 96 (1980); *Kay v. Cessna Aircraft Co.,* 548 F.2d 1370, 1372 (9th Cir. 1977). There is ample evidence in the trial record from which the jury might have concluded that Mexicana acted unreasonably in excluding Cordero without even the most cursory inquiry into the complaint against him.

■ We affirm the judgment denying punitive damages, however. We need not decide the validity of Mexicana's contention that punitive damages are *never* awardable when a passenger is refused passage on grounds of safety. For if punitive damages are permissible, they can only be awarded where the defendant has acted " 'wantonly, or oppressively, or with such malice as implies a spirit of mischief or criminal indifference to civil obligation.' " *Archibald v. Pan American World Airways, Inc.,* 460

---

**3.** We further note that a requirement of reasonableness under § 1511(a) is consistent with the common law rule that "where a carrier has reasonable cause to believe and does believe, that the safety or convenience of its passengers will be endangered by a person who presents himself for transportation, it may refuse to accept such person for transportation and is not bound to wait until events have justified its belief." 14 Am.Jur.2d, Carriers, § 865 at 309, *cited in Williams, supra,* 509 F.2d at 948 n.10.

**4.** *See* note 2 *supra.*

F.2d 14, 16 (9th Cir. 1972), *quoting Wills v. Trans World Airlines, Inc.*, 200 F.Supp. 360, 367–68 (S.D.Cal.1961). Cordero's theory at trial was that he was the victim of mistaken identity. Assuming that the airline was negligent in failing to ascertain the true identity of the person who offended the stewardess, this conduct does not rise to the level necessary to support an award of punitive damages. After a careful review of the record, we are unable to locate any other evidence upon which the jury properly might have awarded punitive damages.

REVERSED in part and AFFIRMED in part.