**Elizabeth NEWMAN, Plaintiff–Appellant,**

v.

**AMERICAN AIRLINES, INC., Defendant–Appellee,**

and

**Does 1 Through 50, inclusive, Defendants.**

**No. 97–55115.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 1998.

Filed May 4, 1999.

As Amended on Denial of Rehearing July 21, 1999.

---

Frederick A. Meiser, San Diego, California, Saied Kashani, Los Angeles, California, for plaintiff-appellant Newman.

Harry Carter, Higgs, Fletcher, and Mack, San Diego, California for defendant-appellee American Airlines.

Before: D. W. NELSON, REINHARDT, and WIGGINS, Circuit Judges.

D.W. NELSON, Circuit Judge:

Elizabeth Newman appeals the district court's decision to grant summary judgment in favor of American Airlines, Inc. ("American") on her complaint that American discriminated against her due to her disabilities. Newman's complaint listed causes of action for: 1) violation of the Air Carrier Access Act of 1986 ("ACAA"), 49 U.S.C. § 41705; 2) negligence; 3) intentional infliction of emotional distress; 4) negligent infliction of emotional distress; and 5) breach of contract. The district court granted summary judgment in favor of American on all claims. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand on all claims.

## FACTUAL AND PROCEDURAL BACKGROUND

Newman's complaint stems from her attempt to fly from San Diego to Long Island on an American flight. Newman had purchased a round-trip ticket. She claims that upon making her reservation, she informed American that she would need a wheelchair for boarding because she was blind and suffered from a heart condition. Newman allegedly flew from Long Island to San Diego without incident.

Newman arrived by wheelchair to the gate for the return flight to Long Island and boarded the plane with minor assistance. A skycap attempted to store Newman's two carry-on bags, but a flight attendant instructed the skycap to check the bags due to space constraints. The skycap explained that the bags could not be checked because they contained Newman's medications, at which point, the flight attendant informed the captain that Newman might have a disability that would preclude her from flying.

The captain asked a passenger service agent about Newman's condition, and discovered that Newman was blind, suffered from cancer, and had a heart condition. The captain instructed the flight attendant to ask Newman about her medication and to ascertain the phone number of Newman's doctor to verify whether or not Newman was at risk for a heart attack during the flight. Newman stated that she could not remember her doctor's number. American denied Newman passage until she could provide a certificate from her doctor stating that she was stable for flight.

After returning to the terminal, Newman remembered the name of her medical clinic. A doctor at the clinic agreed to provide Newman with the required certificate, and she was booked for a flight to depart the following day. Newman was required to stay overnight at a motel. She claims that she fell upon boarding the bus that would take her to the motel. She also asserts that she was further inconvenienced when American lost her checked luggage, which was not recovered for almost a month.

Newman brought a claim under the ACAA along with several California state claims. The district court granted summary judgment in favor of American as to Newman's state tort claims, finding that these claims were preempted by the Airline Deregulation Act, 49 U.S.C. § 41703(b)(1) ("ADA"). The district court also granted summary judgment in favor of American on Newman's claim that American discriminated against her because she suffered from observable disabilities. Finally, the district court granted summary judgment in favor of American as to Newman's claim for breach of contract.

## STANDARD OF REVIEW

We review de novo a district court's decision to grant summary judgment. *See Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir.1996). Summary judgment is proper only if, upon viewing the evidence in the light most favorable to the party opposing the motion, the court finds that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. *See Ting v. United States,* 927 F.2d 1504, 1509 (9th Cir.1991). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

## DISCUSSION

■ The district court granted American's motion for summary judgment after finding that Newman's state discrimination claims were preempted by the ADA. This court in an en banc panel decision found that:

> when Congress enacted *federal* economic deregulation of the airlines, it intended to insulate the industry from possible *state* economic regulation as well. It intended to encourage the forces of com-

petition .... Like 'rates' and 'routes,' Congress used 'service' in § 1305(a)(1) in the public utility sense—i.e., the provision of air transportation to and from various markets at various times.

*Charas v. Trans World Airlines, Inc.,* 160 F.3d 1259, 1266 (9th Cir.1998) (en banc). Although the en banc panel stated that Congress did not, therefore, intend to preempt personal injury tort claims, it did not specifically refer to discrimination claims. We hold, however, that the en banc panel's analysis is equally applicable to both types of claims. As used in a public utility sense, the term "service" does not refer to alleged discrimination to passengers due to their disabilities. We thus reverse and remand these claims to the district court for further proceedings consistent with this decision.

 Newman also claims that American discriminated against her merely because she suffered from observable disabilities, thereby violating the ACAA. The ACAA provides:

In providing air transportation, an air carrier may not discriminate against an otherwise qualified individual on the following grounds:

(1) the individual has a physical or mental impairment that substantially limits one or more major life activities

....

(3) the individual is regarded as having such an impairment.

49 U.S.C. § 41705 (1996). Under the ACAA, a "qualified individual" is one who:

(1) Purchases or possesses a valid ticket for air transportation on an air carrier and presents himself or herself at the airport for the purpose of traveling on the flight for which the ticket has been purchased or obtained; and

(2) Meets reasonable, nondiscriminatory contract or carriage requirements applicable to all passengers.

14 C.F.R. § 382.5(c). Visual impairment, heart disease, and cancer are all physical impairments that may trigger protection under the ACAA. *See* 14 C.F.R. § 382.5(a)(2). Thus, Newman is a "qualified individual," protected by the ACAA.

Under 14 C.F.R. § 382.31, however, "[c]arrier personnel ... may refuse to provide transportation to any passenger on the basis of safety." Further, Section 382.53 provides that:

(b)(1) A carrier may require a medical certificate for a qualified individual with a disability ... (iii) whose medical condition is such that there is reasonable doubt that the individual can complete the flight safely, without requiring extraordinary medical assistance during the flight.

Based on the above, American argues that it permissibly refused to allow Newman passage because she did not carry a medical certificate indicating that she could safely complete the flight. Newman, however, argues that whether or not American acted reasonably is a disputed issue of material fact that must be resolved by a jury. We find Newman's position to be more persuasive.

 As noted by American, an airline may refuse passage to an individual who appears to pose a safety issue. A decision to refuse passage must be assessed in light of facts and circumstances known to the airline at the time the decision was made. *See Cordero v. Cia Mexicana De Aviacion S.A.,* 681 F.2d 669, 672 (9th Cir.1982). Nonetheless, the decision to refuse passage cannot be unreasonable or irrational. *See id.* at 671.

At the time of refusal, American based its decision on Newman's appearance, her history of heart disease, her two bags of medication, and her failure to carry a health certificate. Given the circumstances, American insists that its behavior was reasonable and lawful. We disagree. In fact, American's refusal to transport Newman may constitute exactly the type of discrimination prohibited by the ACAA. *See* 14 C.F.R. § 382.31 ("In exercising [permissible refusal] authority, carrier personnel shall not discriminate against any qualified handicapped individual.").

American cites several cases in which the courts have found a decision to refuse

boarding permissible as a matter of law. None of the cases, however, supports American's position that summary judgment was proper. To the contrary, in *Cordero*, 681 F.2d at 669, a jury found that an airline had acted unreasonably in refusing passage to the plaintiff. The district court granted judgment notwithstanding the verdict, finding that the airline had permissibly refused passage. The Ninth Circuit, however, reinstated the jury award after specifically holding that "it is peculiarly within the province of the trier of fact to determine whether the defendant's conduct was reasonable." *Id.* at 672.

American's reliance on *Williams v. Trans World Airlines*, 509 F.2d 942 (2d Cir.1975), is likewise misplaced. In *Williams*, the Second Circuit held that an airline permissibly refused passage to an individual whom the FBI had warned was an armed and dangerous fugitive planning to hijack the plane. *See id.* at 948; *see also Zervigon v. Piedmont Aviation, Inc.*, 558 F.Supp. 1305, 1308 (S.D.N.Y.1983) (granting judgment notwithstanding verdict after finding that captain permissibly refused passage to individual potentially posing hijack risk). American has not come close to demonstrating that Newman posed a similar safety risk to either herself or others. Nor has American shown that due to her condition, Newman was unstable, in extreme pain, or likely to infect other passengers. *Cf. Adamsons v. American Airlines, Inc.*, 58 N.Y.2d 42, 457 N.Y.S.2d 771, 444 N.E.2d 21 (1982) (finding that airline permissibly refused passage to individual in extreme pain due to undiagnosed, mysterious illness).

Newman has presented evidence to suggest that American acted unreasonably in refusing her passage after she had already boarded the plane. For example, Newman testified that she had informed American of her disabilities upon purchasing her ticket. If American policy requires a medical certificate in such circumstances, it might have been reasonable to inform her at that time, so that she could acquire the necessary paperwork. Notably, Newman previously had completed several flights on American without incident. It is far from obvious that, given the information available at the time of its decision, American reasonably believed that Newman could not safely complete the flight. In short, we find that Newman has presented enough evidence to draw into question whether American acted reasonably in refusing her passage. Accordingly, the district court erred in granting summary judgment in favor of American on Newman's claim under the ACAA.

■ Finally, Newman argues that American breached its contract with her when it refused to honor her ticket and removed her from the aircraft. As with the ACAA claim, whether or not American breached its contract with Newman in refusing her passage also turns on questions of fact that a jury must resolve.

**REVERSED AND REMANDED.**