**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 15 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SUSAN BOSWELL,

      Plaintiff-Appellant,

v.

SKYWEST AIRLINES, INC., a Utah
corporation,

      Defendant-Appellee.

---

UNITED STATES DEPARTMENT
OF TRANSPORTATION,

      Amicus Curiae.

No. 02-4188

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D.C. No. 2:00-CV-950-PGC)**

---

Robert B. Denton, The Disability Law Center, Salt Lake City, Utah (John Pace
and Sonia K. Sweeney with him on the brief), for the Plaintiff-Appellant.

Heidi E. C. Leithead, of Parr Waddoups Brown Gee & Loveless, Salt Lake City,
Utah, for the Defendant-Appellee.

Rosalind A. Knapp, Deputy General Counsel, Paul M. Geier, Assistant General
Counsel for Litigation, Samuel Podberesky, Assistant General Counsel for
Aviation Enforcement and Proceedings of the United States Department of
Transportation, and R. Alexander Acosta, Assistant Attorney General, and Mark
L. Gross and Karl N. Gellert, Attorneys for the United States Department of

Justice, filed an amicus curiae brief on behalf of the United States Department of Transportation for the Appellee.

Before **SEYMOUR, HENRY**, and **McCONNELL**, Circuit Judges.

**HENRY,** Circuit Judge.

Susan Boswell filed this action against Skywest Airlines, Inc., seeking an injunction requiring Skywest to provide medical oxygen for her on flights from St George to Salt Lake City, Utah. Ms. Boswell asserted claims under the Rehabilitation Act, 29 U.S.C. § 794, and the Air Carrier Access Act (ACAA), 49 U.S.C. § 41705. The district court granted summary judgment to Skywest, reasoning that: (1) the Rehabilitation Act did not apply to Skywest's flights from St. George to Salt Lake City because Skywest does not receive federal financial assistance for this flight, and (2) the ACAA and accompanying Department of Transportation regulations vest airlines with the discretion to provide medical oxygen but do not require airlines to do so. Boswell v. SkyWest Airlines, Inc., 217 F. Supp. 2d 1212, 1214-24 (D. Utah 2002).

Ms. Boswell appeals only the district court's resolution of her ACAA claim. She argues that the statute and accompanying regulations require air carriers to provide medical oxygen unless they can demonstrate "an undue

-2-

burden" or a "fundamental[] alter[ation] of their program."  14 C.F.R. § 382.7(c).

After reviewing the parties' supplemental briefs and an amicus curiae brief from the United States Department of Transportation, we conclude that ACAA establishes certain administrative remedies but not a private right of action.  We therefore affirm the district court's grant of summary judgment in favor of Skywest and against Ms. Boswell on her ACAA claim on this alternative ground and do not address the other arguments made by the parties and the Department of Transportation.


## I. FACTUAL BACKGROUND

Ms. Boswell has a lung disease that affects her breathing.  In June 2000, her physician prescribed medical oxygen.  For a few months, she was able to breath for an hour or two at a time without supplemental oxygen.  However, in August 2000, her physician advised her to use oxygen continuously.

As a member of the Utah State Advisory Council for the Division of Services for the Blind and Visually Impaired, Ms. Boswell was required to fly the Skywest route between St. George, Utah and Salt Lake City.  She requested Skywest to provide medical oxygen during the flights, but Skywest has refused.  As a result, Ms. Boswell maintains, she surrendered her board position.

Ms. Boswell then filed this action in the district court, alleging a violation

of the ACAA and the Rehabilitation Act. She requested the district court to order Skywest to provide medical oxygen to her unless it could show that the provision of oxygen would constitute an undue burden or would fundamentally alter its operations. See 14 C.F.R § 382.7(c).

Skywest moved for summary judgment on both claims. As to the Rehabilitation Act, Skywest argued that because the airline did not receive federal financial assistance either for the Salt Lake City—St. George route in particular or for its operations "as a whole," see 29 U.S.C. § 794(b)(3)(A), the statute did not apply to the failure to provide medical oxygen. As to the ACAA , Skywest argued that the statute and accompanying regulations vest airlines with discretion to provide medical oxygen to passengers but do not require them to do so absent a showing of undue hardship.

In a well-crafted opinion, the district court agreed with both arguments, and granted summary judgment to Skywest. See Boswell, 214 F. Supp. 2d at 1214-24. The court acknowledged that "it [was] not unsympathetic to Ms. Bowell's situation," id. at 1223, and accepted her statements that the denial of her request caused serious difficulties for her. Nevertheless, the court stated, the provision of oxygen raised legitimate concerns, and the balancing of those concerns with the requests of passengers like Ms. Boswell was "better addressed by regulatory agencies than by judicial interpretation of vague regulatory provisions." Id. at

1224.

## II. DISCUSSION

In this appeal, Ms. Boswell challenges only the district court's grant of summary judgment on her ACAA claim. In addressing that claim, the parties—like the district court—presumed that Ms. Boswell could assert a private cause of action under the ACAA. That presumption was supported by two circuit court decisions. See Shinault v. Am. Airlines, 936 F.2d 796, 800 (5th Cir. 1991) and Tallarico v. Trans World Airlines, Inc., 881 F.2d 566, 570 (8th Cir. 1989).[1] However, after the district court granted summary judgment to Skywest, the Eleventh Circuit reached a contrary conclusion. See Love v. Delta Air Lines, 310 F.3d 1347, 1356 (11th Cir. 2002). We then asked the parties and the United

---

[1] The Ninth Circuit has overturned the grant of summary judgment to a defendant airline on a private cause of action brought under the ACAA without expressly addressing the question of whether Congress authorized such a cause of action. See Newman v. Am. Airlines, Inc., 176 F.3d 1128, 1131-32 (9th Cir. 1999). The D.C. and Sixth Circuits have expressly reserved the question. See Tunison v. Cont'l Airlines Corp., 162 F.3d 1187, 1188 n. 1 (D.C. Cir. 1998) ("This court has not previously addressed whether there is an implied private right of action under the ACAA, and the issue is not before us in this case. The court below 'presumed' there was a private right of action under the ACAA given holdings to that effect in the 5th and 8th Circuits and [the defendant airline's failure to argue to the contrary].) (citing Shinault 936 F.2d at 800, and Tallarico, 881 F.2d at 570)); Bower v. Fed. Express Corp., 96 F.3d 200, 204 n. 9 (6th Cir. 1996) ("We do not address the question of whether a private right of action exists under the ACAA."); see generally Love v. Delta Airlines, 310 F.3d 1347, 1359 n.14 (11th Cir. 2002) (collecting cases).

States Department of Transportation to file supplemental briefs regarding the existence of a private right of action under the ACAA.

In her supplemental brief, Ms. Boswell urges us to: (1) follow the reasoning of the Fifth and Eighth Circuits and hold that the ACAA creates a private right of action and then (2) interpret the ACAA and accompanying regulations to require Skywest to provide her with medical oxygen unless the airline can demonstrate that it would suffer an undue hardship or a fundamental alteration of its operations. Skywest responds that the Eleventh Circuit's decision in <u>Love</u> is correct and that we should follow it here by holding that the ACAA does not create a private right of action.

We may affirm the district court's decision "on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." <u>Lambertsen v. Utah Dep't of Corr.</u>, 79 F.3d 1024, 1029 (10th Cir. 1996) (internal quotation marks omitted). Upon review of the ACAA, accompanying regulations, and applicable case law, we hold that the ACAA does not establish a private right of action. Accordingly, Ms. Boswell may not sue Skywest for the alleged violation of the statute. Instead, she must pursue the remedies established by Congress and the Secretary of Transportation.

In reaching this conclusion, we begin our analysis with the case law concerning private rights of action. We then proceed to the text of the ACAA and

the arguments advanced by the parties.

## A.  Private Rights of Action

The test for determining whether a statute creates a private right of action has evolved substantially over the last thirty years.  Supreme Court cases decided early in this period focused on Congressional purpose.  See., e.g., J.I. Case Co. v. Borak, 377 U.S. 426, 433 (1964) (stating that "under the circumstances here it is the duty of the courts to be alert to provide such remedies as are necessary to make effective the congressional purpose" and concluding that sections 14(a) and 27 of the Securities Exchange Act, 15 U.S.C. §§ 77n(a), 77aa, authorized a federal cause for rescission or damages to a stockholder).  Subsequently, the Court formulated a four-part inquiry, asking whether:  (1) the plaintiff is part of the class for whose benefit the statute was enacted; (2) there is any indication of legislative intent, explicit or implicit, either to create or to deny a private right of action; (3) it would be consistent with the underlying purpose of the legislative scheme to imply a private right of action for the plaintiff; and (4) the cause of action is one traditionally relegated to state law, so that it would be inappropriate to infer a cause of action based solely on federal law.  See Cort. v Ash, 422 U.S. 66, 78 (1975); see also Southwest Air Ambulance, Inc. v. City of Las Cruces, 268 F.3d 1162, 1169 (10th Cir. 2001) (discussing Cort).

Later Supreme Court decisions have shifted the inquiry again. Now, "Cort's four factors have been effectively condensed into one—whether Congress expressly or by implication, intended to create a private cause of action." Sonnefenld v City & County of Denver, 100 F.3d 744, 747 (10th Cir. 1996) (citing Transamerica Mortgage Advisors v. Lewis, 444 U.S. 11, 15-16 (1979) and Touche Ross & Co. v. Redington, 442 U.S. 560, 575 (1979)). Thus, in its recent decisions, the Supreme Court has emphasized that the private right of action inquiry focuses on the Congressional intent underlying the particular statute at issue:

> Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress. The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy. Statutory intent on this latter point is determinative. Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute. Raising up causes of action where a statute has not created them may be a proper function for common-law courts, but not for federal tribunals.

Alexander v. Sandoval, 532 U.S. 275, 286-87 (2001) (internal quotation marks and citations omitted). This circuit's decisions have emphasized that Congressional intent is determinative. See, e.g, Davis- Warren Auctioneers, J.V. v. FDIC, 215 F.3d 1159, 1162 (10th Cir. 2000) ("To decide whether a private right of action is implicit in a statute, we must determine 'whether Congress,

expressly or by implication, intended to create a private cause of action.")
(internal quotation marks omitted);  Chemical Weapons Working Group, Inc. v.
U.S. Dep't of the Army, 111 F.3d 1485, 1493 (10th Cir. 1997) ("In determining
whether an implied private right of action exists under a particular statute, the
focus is solely on congressional intent.").

In determining Congressional intent under this newer standard, we
examine the statute for "rights-creating language,"  Sandoval, 532 U.S. at
288,—that which "explicitly confer[s] a right directly on a class of persons that
include[s] the plaintiff."  Cannon v. Univ. of Chicago, 441 U.S. 677, 690 n.13
(1979), and language identifying "the class for whose especial benefit the statute
was enacted,"  id. at 688 n.9 (internal quotation marks omitted).  We also consider
the relation between the specific provision at issue and the related statutory
scheme.  Love, 310 F.3d at 1353; see, e.g., Southwest Air, 268 F.3d at 1170
(examining the general regulatory structure of the Federal Aviation Act, 1958, 49
U.S.C. §§ 40101 et seq, in determining that the Anti-Head Tax Act, 49 U.S.C. §
40116, does not create a private cause of action); Chemical Weapons, 111 F.3d at
1494 (examining the "general regulatory scheme, comprised in this instance in by
the myriad of environmental statutes that regulate the Army's operations [at the
facility at issue]" in concluding that the 1986 Defense Authorization Act did not
establish a private cause of action).   We now apply these principles to the

ACAA.

<u>B. The ACAA</u>

Congress passed the ACAA in 1986 as § 404(c) of the Federal Aviation Act

of 1958.  <u>See</u> Pub. L. 99-435, § 2(a), 100 Stat. 1080 (1986).  The statute was

amended and recodified in 1994.  In 2000, Congress added two subsections

concerning the manner in which the statute may be enforced.  <u>See</u> <u>Love</u>, 310 F.3d

at 1350 n.1 (discussing the legislative history of the ACAA).

Currently, the ACAA provides:

> In general.--In providing air transportation, an air carrier, including (subject to section 40105(b)) any foreign air carrier, may not discriminate against an otherwise qualified individual on the following grounds:
>
> > (1) the individual has a physical or mental impairment that substantially limits one or more major life activities.
> > (2) the individual has a record of such an impairment.
> > (3) the individual is regarded as having such an impairment.

49 U.S.C. § 41705(a).  The remaining sections of the ACAA provide that each

violation of the statute constitutes a separate offense and that the Secretary of

Transportation "shall investigate each complaint of a violation [of the ACAA]."

49 U.S.C. § 41705(b)-(c).

Congress passed the ACAA in response to a Supreme Court decision,

-10-

<u>United States Department of Transportation v. Paralyzed Veterans of America</u>, 477 U.S. 597 (1986), which held that section 504 of the Rehabilitation Act did not apply to commercial airlines because they were not the intended beneficiaries of federal airport construction grants. <u>See generally</u> Curtis D. Edmonds, <u>When Pigs Fly: Litigation Under the Air Carrier Access Act</u>, 78 N.D. L. Rev. 687, 689-92 (2002) (discussing legislative history of the ACAA). "[T]he practical effect of <u>DOT v. PVA</u> [was] to leave handicapped air travelers subject to the possibility of discriminatory, inconsistent, and unpredictable treatment on the part of air carriers." S. REP. NO. 99-0400, at 2 (1986), <u>reprinted in</u>, 1986 U.S.C.C.A.N. 2328, 2329. The statute was intended to "prohibit specifically discrimination against otherwise qualified handicapped individuals." <u>Id.</u> at 2330.

The ACAA is part of a broad statutory and regulatory scheme concerning aviation programs. As we note below, there are a number of provisions that apply to the ACAA, including those relating to the investigation of complaints, the conduct of administration hearings, the imposition of fines and other administration sanctions, and the appeal of administrative decisions to the courts.

## C. The Parties' Arguments

In arguing that the ACAA creates a private right of action, Ms. Boswell contends that the statute contains rights-creating language: an air carrier "may not

discriminate." Aplt's Suppl. Br. at 4 (quoting 49 U.S.C. § 41705(a)). She contends that "the focus of the statute is on the individual with the disability." Id. According to Ms. Boswell, the existence of such language is determinative. See id. at 4-5.

Ms. Boswell further contends that the administrative remedies available to enforce the ACAA do not undermine this reading of the statute. She points to certain limitations in those remedies, noting that the Secretary of Transportation retains discretion not to investigate complaints if they are not supported by reasonable grounds, and that the right to appeal is limited because of the deference that must be afforded to the Secretary's findings of fact.

Ms. Boswell's reading of the statute resembles the interpretation of the Fifth and Eighth Circuits in decisions issued before the Supreme Court's shift away from the four-factor Cort inquiry. See Shinault, 936 F.2d at 801-05; Tallarico, 881 F.2d at 568-570. Thus, in Shinault, the court invoked "the well-established canon of statutory construction that '[t]he existence of a statutory right implies the existence of all necessary and appropriate remedies.'" Shinault, 936 F.2d at 804 (quoting Sullivan v. Little Hunting Park, Inc., 396 U.S. 229, 239 (1969)). In Tallarico, the court undertook the four-part Cort inquiry, 881 F.2d at 569-70, concluding that "to allow a private cause of action is consistent with the underlying purposes of the ACAA." Id. at 570. As the Eleventh Circuit noted in

<u>Love</u>, that focus on the broad remedial purpose underlying a statute—to the exclusion of its text and its place in the legislative scheme at issue—is no longer warranted.  See <u>Love</u>, 310 F.3d at 1359-60 (noting that <u>Shinault</u> and <u>Tallico</u> were based on an analysis of the <u>Cort</u> factors and that following the shift away from <u>Cort</u> "we may not engage in a similarly wide-ranging interpretative inquiry"); <u>see also</u> <u>Sandoval</u>, 532 U.S. at 1520-22 (considering the "text and structure" of Title VI in concluding that no private right of action exists to enforce disparate impact regulations).

As Skywest notes, Ms. Boswell's reading of the ACAA is undermined by the Eleventh Circuit's decision in <u>Love</u>.  There, applying the post-<u>Cort</u> standard that this circuit has also applied, <u>see e.g.</u>, <u>Southwest Air</u>, 268 F.3d at 1169-72, the court held that the ACAA does not create a private right of action.  In support of this conclusion, the Eleventh Circuit first noted that the statute does not expressly provide for a private right of action.  "Moreover, taken together, the text of the ACAA itself . . . and the surrounding statutory and regulatory structure create an elaborate and comprehensive enforcement scheme that belies any congressional intent to create . . . . a private right to sue in a federal district court." <u>Love</u>, 310 F.3d at 1354.

We agree with the Eleventh Circuit.  "The express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude

-13-

others." <u>Sandoval</u>, 532 U.S. at 290. Here, Congress established an administrative enforcement scheme for violations of the ACAA, authorizing individuals (like Ms. Boswell) who allege ACAA violations to file complaints with the Secretary of Transportation and to appeal the Secretary of Transportation's orders to the courts of appeal.

In particular, under 49 U.S.C. § 46101(a)(1), "[a] person may file a complaint in writing with the Secretary of Transportation . . . about a person violating" the ACAA. After notice and an opportunity for a hearing, the Department of Transportation may enter an order compelling compliance with the ACAA, <u>see</u> 49 U.S.C. § 46101(a)(4), may revoke a carrier's air carrier certificate, <u>see</u> 49 U.S.C. § 41110(a)(2)(B), and may impose up to a $10,000 fine for each violation, <u>see</u> 49 U.S.C. § 46301(a)(3)(E). The Department of Transportation may also initiate an action in a federal district court to enforce the ACAA, <u>see</u> 49 U.S.C. § 46106, or may ask the Department of Justice to bring a civil action, <u>see</u> 49 U.S.C. § 46107(b)(1).

Under this statutory scheme, "a person disclosing a substantial interest in an order issued by the Secretary of Transportation . . . may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business." 49

U.S.C. 46110(a).  The court of appeals "has exclusive jurisdiction to affirm, amend, modify, or set aside any part of the [Transportation Secretary's] order and may order the Secretary, Under Secretary, or Administrator to conduct further proceedings." 49 U.S.C. § 46110(c).  The court of appeals may also "grant interim relief by staying the order or taking other appropriate action when good cause for its action exists." Id.  In these appeals, "[f]indings of fact by the Secretary, Under Secretary, or Administrator, if supported by substantial evidence, are conclusive."  49 U.S.C. § 46109(c).[2]

As Ms. Boswell argues, the remedies provided by Congress are not without limitation (such as the discretion afforded the Secretary to investigate only those complaints  supported by "a reasonable ground," 49 U.S.C. § 46101(a), and deferential standard of appellate review that affords preclusive effect to those factual findings of the Secretary of Transportation that are supported by substantial evidence, 49 U.S.C. § 46110(c)).  Thus, as she further argues, a private right of action may well afford a given individual more comprehensive

---

[2] Department of Transportation regulations also require airlines to establish procedures to resolve disputes regarding alleged ACAA violations.  See 14 C.F.R. § 382.65; see also Love, 310 F.3d at 1355 (discussing Department of Transportation regulations).  In particular, airlines must "establish and implement a complaint resolution mechanism, including designating one or more complaints resolution official(s) . . . to be available at each airport which the carrier serves." 14 C.F.R. § 382.65(a).  Airlines must also "establish a procedure for resolving written complaints."  14 C.F.R. § 382.65(b).

relief for an ACAA violation.   However, the choice as to which remedies are appropriate is for Congress rather than the courts.  We are simply not authorized to compare the remedies specifically provided by Congress with a private right of action and to then impose the latter remedy if we deem it a better means of enforcing the statute.  See Sandoval, 532 U.S. at 286-87 ("Without [Congressional  intent to create a private remedy], a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter or how compatible with the statute.").   Here, Congress's creation of specific means of enforcing the statute indicates that it did not intend to allow an additional remedy—a private right of action—that it did not expressly mention at all.

That conclusion comports with our decision Southwest Air,  268 F.3d at 1169-72.  There, we held that the Anti-Head Tax Act (AHTA), 49 U.S.C. § 49116, does not provide a private right of action.  We relied upon a general provision of the Federal Aviation Act that allowed those parties alleging violations of the statute to file complaints with the Secretary of Transportation.  See id. at 1170 ("We are persuaded that the fact that Congress provided a means by which violations of the AHTA are fully enforceable through a general regulatory scheme indicates that the weight of the evidence of Congressional intent is against the suggestion that Congress intended to create a private right of

action in the AHTA.") (internal quotation marks and citations omitted). Significantly, we noted that two other circuits had held that a private right of action did exist. However, we observed, those courts had undertaken the superseded <u>Cort</u> inquiry. <u>See</u> <u>id.</u> at 1170-72.

Like the district court, we are sympathetic to Ms. Boswell's difficulties. The claim she asserts here presents a difficult question of balancing her right to be free from discrimination with Skywest's safety concerns about providing medical oxygen to passengers. However, this difficult question must be resolved by the means provided by statute.

## III.  CONCLUSION

For the reasons set forth above, we therefore affirm the district court's grant of summary judgment to Skywest on the alternative ground that the ACAA does not establish a private right of action.