
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ELINA SHAFFY,

            Plaintiff - Appellant,

    v.

UNITED AIRLINES, INC,

            Defendant - Appellee.

No. 08-56307

D.C. No. 2:07-cv-04338-GAF-CT

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted December 8, 2009[**]
Pasadena, California

Before: THOMPSON and SILVERMAN, Circuit Judges, and BOLTON,[***]
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Susan R. Bolton, U.S. District Judge for the District of
Arizona, sitting by designation.

Elina Shaffy appeals the district court's grant of summary judgment in favor of United Airlines as to her claims of discrimination under 42 U.S.C. § 2000d and 42 U.S.C. § 1981 and her various tort claims under California law. She alleges that she was discriminated against on the basis of her Iranian ethnicity. We have jurisdiction under 28 U.S.C. § 1291 and affirm the district court's decision.

We review a grant of summary judgment *de novo*. *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008). In determining whether summary judgment was appropriate, we must view the evidence in the light most favorable to the non-moving party. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009).

Air carriers are authorized to "refuse to transport a passenger or property the carrier decides is, or might be, inimical to safety." 49 U.S.C. § 44902(b). The test for whether a refusal to transport is permissible "rests upon the facts and circumstances of the case as known to the airline at the time it formed its opinions and made its decision and whether or not the opinion and decision were rational and reasonable and not capricious or arbitrary." *Cordero v. Cia Mexicana De Aviacion, S.A.*, 681 F.2d 669, 672 (9th Cir. 1982)(internal citations omitted). The refusal to transport is "not to be tested by other facts later disclosed by hindsight." *Id.*

Shaffy was flying to Los Angeles with a small dog in a carrier. The flight attendants told the pilot that Shaffy repeatedly removed the dog from its container contrary to their directions to keep it contained. The captain received a number of calls from different flight attendants concerned about Shaffy's conduct. The final call he received was from the lead flight attendant who stated that (1) Shaffy would not comply with the attendants' instructions regarding the dog; (2) the situation was distracting the crew and presented a safety issue; and (3) the lead flight attendant would not continue on the last leg of the flight if Shaffy remained on board.

The captain decided that the dog presented a possible safety issue because it could bite a passenger or upset passengers or crew members by urinating or defecating on them. The captain also concluded that Shaffy presented a potential safety risk because of her failure to obey crew instructions. The captain decided to have Shaffy removed from the flight when it made a scheduled stop in Las Vegas.

Shaffy denies that she disobeyed the crew's instructions. However, "[t]here is . . . no duty [on the part of the pilot] to conduct an in-depth investigation into a ticket-holder's potentially dangerous proclivities." *Cordero v. Cia Mexicana De Aviacion, S.A.*, 681 F.2d 669, 672 (9th Cir. 1982). Even assuming *arguendo* that the flight attendants overreacted to the situation, the captain was entitled to accept

at face value the representations made to him by his flight crew. Furthermore, there is no evidence that Shaffy's Iranian heritage played any role in the incident or that the airline was even aware of it. The captain's decision to remove Shaffy from the flight was permissible under 49 U.S.C. § 44902(b). The district court correctly granted summary judgment on the federal claims.

Summary judgment as to Shaffy's state-law claims was also proper. Her state-law claims are preempted. We have unequivocally concluded that federal law occupies the entire field of aviation safety: "the regulations enacted by the Federal Aviation Administration, read in conjunction with the FAA itself, sufficiently demonstrate an intent to occupy exclusively the entire field of aviation safety and . . . to preempt all state law in this field." *Montalvo v. Spirit Airlines*, 508 F.3d 464, 471 (9th Cir. 2007). Shaffy's claims directly implicate the decision by United to remove her from the flight for safety reasons.

AFFIRMED.