**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABDIKARIM KARRANI, | No. 19-35739 |
| Plaintiff-Appellant, | D.C. No. 2:18-CV-01510-RSM |
| v. | MEMORANDUM* |
| JETBLUE AIRWAYS CORPORATION, | |
| a Delaware corporation, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief District Judge, Presiding

Submitted October 6, 2020**
Seattle, Washington

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

1

Before: GRABER and W. FLETCHER, Circuit Judges, and FREUDENTHAL,[***] District Judge

Following an unrelated emergency medical landing, Abdikarim Karrani, a Somali by birth and an African American citizen, was removed from a JetBlue flight after an alleged altercation with a flight crew member. JetBlue refused to reboard him. On summary judgment, the district court dismissed Karrani's claims of unlawful discrimination under 42 U.S.C. § 1981. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We assume that Karrani established a prima facie case. Karrani argues that summary judgment was improper because he raised triable issues of fact which reasonably support the conclusion that race was a motivating factor in JetBlue's decisions to remove and then to refuse to reboard him. Reviewing de novo, *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1112 (9th Cir. 2004), the district court correctly determined that JetBlue's reliance on 49 U.S.C. § 44902 constitutes a legitimate and non-discriminatory reason for its decisions. Section 44902 provides an air carrier with permissive authority to "refuse to transport a passenger or property the carrier decides is, or *might be*, inimical to safety." 49 U.S.C. § 44902(b) (emphasis added).

---

[***] The Honorable Nancy D. Freudenthal, United States District Judge for the District of Wyoming, sitting by designation.

2

Karrani argues that the airline exceeded its § 44902 authority because the removal decision was made without further investigation and was based on the report of a biased flight attendant. However, the airline pilot was entitled to accept the attendant's report when the pilot made the decision to refuse transport. *See*, *Cordero v. Cia Mexicana De Aviacion, S.A.*, 681 F.2d 669, 672 (9th Cir. 1982) ("[T]he test . . . rests upon the facts and circumstances of the case as known to the airline at the time it formed its opinion and made its decision . . . ." (quoting with approval *Williams v. Trans World Airlines*, 509 F.2d 942, 948 (2d Cir. 1975) (internal quotation marks omitted))). Considering the attendant's report even if, on hindsight, it is exaggerated, the airline pilot's opinion under § 44902 was justified by a reasoned and rational appraisal of the facts known to the pilot at the time and was not arbitrary or capricious.

Karrani also challenges the denial of his Federal Rule of Civil Procedure 59(e) motion to amend the judgment due to evidence that Karrani asserts is newly discovered and was withheld by JetBlue. Because Karrani admits that he was in possession of this evidence before summary judgment was entered, the district court did not abuse its discretion in denying the motion.

**AFFIRMED.**